# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Ann Tram Pham,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **No. 1:26-cv-00562-ADA-SH** |
| | § | |
| **NewRez LLC d/b/a Shellpoint** | § | |
| **Mortgage Servicing,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Ann Tram Pham's Motion to Remand, filed April 8, 2026 (Dkt. 7), and Defendant NewRez LLC's Response, filed April 20, 2026 (Dkt. 8).[1]

### I.    Background

On February 25, 2026, Pham sued in state court in Travis County, Texas to enjoin NewRez LLC from foreclosing on her condominium at 301 West Avenue, Unit 1301, Austin, Texas ("Property"). Plaintiff's Original Petition, Dkt. 1-6 at 2-6. Pham makes the following allegations in her Amended Petition (Dkt. 1-2): NewRez services her mortgage loan on the Property. *Id.* ¶ 7. Pham contacted NewRez's loss mitigation department to request assistance regarding her mortgage and submitted a loss mitigation application seeking alternatives to foreclosure. *Id.* ¶¶ 8-9. NewRez violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, by proceeding with foreclosure actions while her loss mitigation application was pending, and its handling of her

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 3.

loss mitigation application violated the Texas Debt Collection Act, TEX. FIN. CODE §§ 392.001-404. *Id.* ¶ 12. Pham seeks "injunctive relief to prevent the foreclosure until the disputes are resolved." *Id.*

NewRez removed to this Court on March 9, 2026, invoking federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under § 1332(a). Dkt. 1. Pham's domicile is in Texas; NewRez is a limited liability company that traces its membership to a corporation incorporated in Delaware with its principal place of business in New York. Dkt. 1 ¶¶ 5, 6 (incorrectly numbered 3). In her motion to remand, Pham does not dispute that the parties are diverse, but she argues that the amount in controversy does not exceed $75,000. Dkt. 7 ¶ 2. She also argues that the Court should abstain from exercising jurisdiction because the case involves predominantly state law issues. *Id.* ¶ 3.

## II.    Legal Standard

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress has granted jurisdiction over two general types of cases: cases that arise under federal law ("federal question jurisdiction"), and cases in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437-38 (2019).

Under 28 U.S.C. § 1441(a), a party may remove to federal court "any state court civil action over which the federal courts would have original jurisdiction." *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, courts

2

consider the claims in the state court petition as they existed at the time of removal. *Id.* "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

### III.  Analysis

Pham, who is proceeding *pro se*, contends that the amount in controversy requirement is not satisfied because "it is measured by the value of the relief sought, not the value of the property or loan." Dkt. 7 ¶ 2. That argument is incorrect. In actions seeking injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In an action seeking to enjoin a foreclosure sale and preserve an individual's ownership interest, the property itself is the object of the litigation, and the value of that property represents the amount in controversy. *Id.*

NewRez submits an appraisal from the Travis Central Appraisal District showing that the Property was appraised at $801,289 in 2025. Dkt. 1-16 at 2. Based on this evidence, the Court finds that NewRez has met its burden to show that the amount in controversy exceeds $75,000 and the Court has diversity jurisdiction over Pham's claim under Texas law. The Court also has federal question jurisdiction because Pham alleges that NewRez violated the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. The Court cannot abstain from exercising jurisdiction over Pham's claims. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989).

### IV.  Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Remand (Dkt. 7).

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED on May 28, 2026.

_____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4