IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANN TRAM PHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-562-RP |
| | § | |
| NEWREZ LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Ann Tram Pham's Emergency Motion for Temporary Restraining Order. (Dkt. 18). United States District Judge Alan Albright previously referred all dispositive motions in this case to United States Magistrate Judge Susan Hightower for report and recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (Dkt. 3). Judge Hightower issued her report and recommendation, (Dkt. 19), to which Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing objected, (Dkt. 22), and Plaintiff responded, (Dkt. 23). Having considered the parties' arguments, the factual record, and the relevant law, the Court will reject the report and recommendation, and deny Plaintiff's Emergency Motion for Temporary Restraining Order.

## I. BACKGROUND

Plaintiff Ann Tram Pham is the borrower on a mortgage loan secured by a condominium home at 301 West Avenue, Unit 1301, Austin, Texas ("Property"). (Dkt. 1-2 at 7). The Property is Plaintiff's primary residence and is estimated to be worth $1,025,000. (Dkt. 18-7 at 2). As of January 6, 2026, Plaintiff owed a balance of $745,000 on her loan and her monthly loan payments were $5,400. (Dkt. 18-3 at 7). Defendant NewRez is the loan servicer. (Dkt. 1-2 at 3).

Plaintiff alleges that after she fell behind on her monthly mortgage payments, (Dkt. 18-3 at 11), she submitted a "completed" loss mitigation application to Defendant on January 6, 2026, "seeking alternatives to foreclosure, including short sale and other liquidation options," (Dkt. 1-2 at 3). Despite ongoing loss mitigation discussions with Defendant's Loss Mitigation Specialist Daniel Navarette ("Navarette"), (Dkt. 1-2 at 3), Defendant proceeded on foreclosure. (Dkt. 18 at 3). Navarrette did not disclose to Plaintiff that "foreclosure was moving in parallel" with the loss mitigation discussions. (Dkt. 18 at 3). Even after submitting a signed agreement for the Home Equity Shield program to avoid foreclosure to Navarrette on February 5, 2026, (Dkt. 18-5), "foreclosure activity did not stop," (Dkt. 18-1 ¶ 8).

On February 20, 2026, Plaintiff, proceeding pro se, sued Defendant in state court, alleging that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., 2 12 C.F.R. § 1024.41(g), and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.301(a)(8), by actively pursuing foreclosure of the Property at the same time it was considering her for loss mitigation. (Dkt. 1-2, at 2–6). Plaintiff seeks injunctive relief to stop the impending foreclosure. On March 9, 2026, Defendant removed the case to this Court on the grounds of federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under § 1332(a). (Dkt. 1). Plaintiff moved to remand the case, which the Court denied on June 24, 2026. (Dkt. 15).

Plaintiff now brings this emergency motion under Rule 65 asking the Court to issue a temporary restraining order ("TRO") to stop the substitute trustee's sale of the Property currently set for October 6, 2026. (Dkt. 18). She also asks the Court to set the case for a prompt preliminary injunction hearing, grant a preliminary injunction after the hearing, and set a nominal bond of $100 for the TRO due to her financial status. (*Id.*). Judge Hightower recommended that the Court grant Plaintiff's motion and issue a 14-day TRO: (1) enjoining the Oct. 6 foreclosure sale, (2) prohibiting

rescheduling the sale until the Court rules on the motion for preliminary injunction, and (3) set a TRO bond of $100. (Dkt. 19, at 8).

## II. LEGAL STANDARD

### A. Report and Recommendations

The Federal Rules of Civil Procedure authorize magistrate judges to make findings and recommendations for dispositive motions. Fed. R. Civ. P. 72(b)(1). For dispositive motions, parties are entitled to *de novo* review of any part of a magistrate judge's report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). The district judge has the discretion to "accept, reject, or modify the recommended disposition." *Id.* Because Defendant timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

### B. Temporary Restraining Order

A TRO is an "extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Southwest Airlines Co. v. City of San Antonio*, 752 F. Supp. 3d 635, 642–43 (W.D. Tex. 2024) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). The party moving for a TRO must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the TRO is denied; (3) that the threatened injury outweighs any damage that the TRO might cause the defendant; and (4) that the TRO will not disserve the public interest. *Id.* at 643. The party seeking a TRO "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order . . . can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th

Cir. 1987). A TRO is not subject to review on interlocutory appeal. *Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n.*, 79 F.4th 512, 514 (5th Cir. 2023).

## III. DISCUSSION

After reviewing the report and recommendations and Defendant's objections, the Court finds that Plaintiff is not entitled to a TRO. While the Court agrees with the legal analysis of the United States Magistrate Judge, Defendant's objections raise a fact issue that was not disclosed by Plaintiff and that significantly alters the legal analysis. The Court has the authority to "receive further evidence" in the objections to a report and recommendation. 28 U.S.C. § 636(b)(1)(c). Exercising this authority, the Court takes the evidence introduced by the objections into consideration as it evaluates Plaintiff's TRO *de novo*.

Defendant's objections claim that on August 20, 2024, Plaintiff conveyed the Property to a third party, Jeremy Dennison Skinner ("Dennison"), in exchange for a deed of trust. (Dkt. 22, at 1). Defendant attaches as exhibits a special warranty deed for the conveyance filed and recorded in the official public records of Travis County, as well as an online Travis County tax appraisal report listing Dennison as having a 100% ownership interest in the Property. (*Id.* at 5 (citing Warranty Deed, Dkt. 22-1, at 28–30; Appraisal Report, Dkt. 22-1, at 44–45)). Defendant argues that Plaintiff, as a nonowner, cannot show an irreparable injury and that her interest as a junior lienholder can instead be remedied with monetary damages. (*Id.* at 5–6). In Plaintiff's response to the objections, she "does not dispute for purposes of this emergency order that record title was conveyed to [Dennison] in August 2024." (Dkt. 23, at 3).

To prevail in her request for a TRO, Plaintiff must show a substantial threat that she would suffer irreparable injury if her requested relief is denied. "To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable. The plaintiff need show only a significant threat of injury from the impending action, that the injury is

imminent, and that money damages would not fully repair the harm." *Humana, Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986).

Plaintiff argues that there is a substantial threat she will suffer irreparable injury if the TRO is denied because (1) the Property is her home and the "[l]oss of unique real property is irreparable," since monetary damages "cannot restore the residence or unwind a sale to a third party"; (2) the threatened injury is not speculative, as the sale is scheduled for October 6, 2026; and (3) a forced sale threatens $175,000 in remaining equity in the Property. (Dkt. 18 at 6). Based on these allegations and the impending foreclosure sale, the Magistrate Judge agreed that Plaintiff demonstrated a substantial threat of irreparable injury if the TRO is denied. (Dkt. 19, at 7 (citing *Osorio v. Martin*, No. 5:25-CV-1191-DAE, 2025 WL 3771341, at *4 (W.D. Tex. Nov. 24, 2025) ("The loss of a home has been found by other courts to cause an irreparable injury."); *Garcia v. Vazquez*, No. EP-15-CV-00225-DCG, 2015 WL 12910437, at *2 (W.D. Tex. Oct. 5, 2015) (finding that plaintiff would suffer irreparable harm by losing her home without an injunction)).

But here, after considering Defendant's objections regarding the August 2024 conveyance, the Travis County public records it cites in support, and Plaintiff's concession, the Court finds that Plaintiff has failed to demonstrate a substantial threat that she will suffer irreparable injury if the TRO is denied. Plaintiff's lack of any ownership interest in the Property distinguishes her case from those cited in the report and recommendation. Moreover, as merely a junior lienholder, any damages she suffers can likely be remedied with monetary damages. *See Osorio*, No. 5:25-CV-1191-DAE, 2025 WL 3771341, at *4 ("However, courts are less likely to identify irreparable harm in the loss of commercial property such as the property at issue in this case and instead look to the irreparability of the loss through monetary remedies.") (cleaned up). Without additional factual allegation, the Court finds that a nonowner of a home does not face a substantial threat of suffering irreparable injury by a foreclosure sale.

Plaintiff's failure to sufficiently establish a substantial threat of irreparable injury means that Plaintiff has failed to satisfy the "cumulative burden of proving each of the four elements" required for a TRO. *Clark*, 812 F.2d at 993. Therefore, the Court will not address the remaining TRO elements.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order is **DENIED**.

**SIGNED** on October 5, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE